Elie J. JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15708.

United States Court of Appeals Ninth Circuit.

April 24, 1958.

J. J. Doyle, San Francisco, Cal., for appellant.

Keith R. Ferguson, Sp. Asst. to Atty. Gen., Lloyd H. Burke, U. S. Atty., Lasher B. Gallagher, San Francisco, Cal., for appellee.

Before POPE, FEE and HAMLEY, Circuit Judges.

PER CURIAM.

This was a suit in admiralty seeking recovery of damages for personal injuries alleged to have been received by the appellant as a seaman on a vessel owned and operated by the United States. The injuries were alleged to have been caused by negligence chargeable to the United States which was assertedly responsible under the Suits in Admiralty Act, 46 U. S.C.A. § 741 et seq. The court below after trial found that there was no negligence; that the libelant had not sustained personal injuries; and that the libelant had wilfully and knowingly testified falsely in the course of the trial. Decree was entered for the respondent United States.

Appellee filed a motion to dismiss the appeal. At the hearing upon such motion it was stipulated that the motion papers filed by appellee might stand in lieu of a brief by appellee upon the merits of the appeal, and that appellant might have additional time within which to file a reply brief, and that thereafter the motion and the appeal should stand submitted.

The motion to dismiss the appeal is denied.

Upon this appeal the appellant's assertion that the findings are clearly erroneous is without merit for the record shows that although libelant testified that he slipped on some oil left on deck when he came aboard late at night after shore leave in Bangkok, Siam, yet other testimony was that when he came aboard on that occasion he was carried up the gangway by other crew members "as limp as a dish rag" and in a condition of stupor indicating that he was under the influence of a narcotic. The testimony was that he did not walk to his bed, as he himself claimed, but that he was carried unconscious and placed in bed, and that later when he claimed to have fallen in fuel oil, he was carefully examined and any possibility of such a fall was completely negatived. In addition the libelant was thoroughly impeached and proven a false witness in that contrary to his sworn statement he had received the same injuries, of which he now complained, in an earlier fall and on another vessel in 1952, for which he had then sought recovery.

Under these circumstances the decision of the court below must stand affirmed. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.